[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant, appellee, Jay Dworkin, is the owner of real property known as 201 Kings Highway A.K.A. 201 Seneca Place in the City of Milford. The plaintiff appellant is the owner of abutting property, 203 Kings Highway A.K.A. 203 Seneca Place. CT Page 14413
Plaintiff Berglass has appealed from the decision of the Planning and Zoning Commission of the City of Milford granting Coastal Area Site Plan Approval.
A history of the matter reveals that Dworkin applied to the Zoning Enforcement Officer (ZEO) for a Zoning permit to allow him to undertake the reconstruction of the residence located on the property. The reconstruction called for the removal of the second floor of the existing structure and replacement thereof by a new second floor and a third floor as well as a tower, all of this to be accomplished upon the same footprint. The Zoning Enforcement Officer granted the permit and thereafter Berglass appealed to the Board of Zoning appeals. The Board upheld the actions of the Zoning Enforcement Officer. Berglass then appealed to this court in a separate action. In upholding the ZEO, the Board of Zoning Appeals found that a site plan review under the Coastal Area Management Act was not necessary. Nevertheless Dworkin subsequently filed an application for Site Plan approval which the Planning and Zoning Commission upheld and it is Berglass' appeal from that decision that is presently before the court.
The basis for the appeal is: (1) That the physical characteristics of the property are unsuitable for the proposed reconstruction; (2) that the proposed residence will negatively impact the natural views and vistas of Long Island Sound, and (3) that the proposal would not be consistent with the goals and policies of the Coastal Area Management Act.
The Planning and Zoning Board is endowed with liberal discretion and its actions are subject to review by the courts only to determine whether they are unreasonable, arbitrary or illegal. The burden of proof to demonstrate that the board acted improperly is upon the party seeking to overturn the board's decision. The board's responsibility is to find the facts and to apply them to the pertinent statutes and regulations. In doing so the board is endowed with a liberal discretion. See Wing v.Zoning Board of Appeals, 61 Conn. App. 639, 643-644 (2001) (internal quotations and citations omitted).
As to the Coastal Area Site Plan the court notes that the plan was submitted to the Connecticut Department of Environmental Protection for its review. This was carried out by its Office of Long Island Sound Programs and a report was submitted to the Planning and Zoning Board. While that report noted certain deficiencies the D.E.P. nevertheless recommends:
 "However given the site topography, apparent scope of work and the opportunity to maintain a wide vegetated buffer throughout the construction CT Page 14414 of the dwelling to protect coastal resources, there should be a relatively small potential for the project to adversely impact coastal resources if appropriate mitigation efforts are undertaken."
The Department further recommends that:
 "The Board require all appropriate site erosion and sedimentation controls be implemented and maintained until the site is stabilized with vegetation as a condition of any coastal site plan approval."
The only excavations around the site were for the installation of water and sewer facilities and appropriate orders were issued so that any erosion or sedimentation that might ensue was attended to.
As for the physical characteristics of the site and its suitability for the proposed construction it is obvious that this was given consideration by the Planning and Zoning Commission. The proposed alterations including the height of the structure, its elevation above flood level, the characteristics of the property were all considered by the Commission including the fact that the forty foot lawn which acted as a buffer between the structure and Long Island Sound was not affected by the construction not was the seawall that continued to exist. All of this would lead the court to believe that substantial concern was exhibited for the maintenance of our Coastal Resources.
In so far as the obstruction of any vistas or views is concerned, the court in its examination of the property during its visit noted that the obstruction, if any, was private in nature and had no bearing on any public view of vista.
It is therefore the opinion of this court that substantial evidence was before the Planning and Zoning Commission to make the findings that it did in fact make and judgment may therefore enter for the defendant.
THE COURT
by CURPAN, J.